William P. DOBSON, Glen G. Carlock and Kenneth J. Padley, Plaintiffs,

v.

Donald E. MYERS and Compagnie d'Assurances "La Fortune", S.A., Defendants.

Civ. A. No. 7339.

United States District Court
M. D. Pennsylvania.

Nov. 24, 1965.

428

Lorber, Vogel & Berger, Paris, France, Livengood, Braucher & Stroup, Harrisburg, Pa., for plaintiffs.

No appearance for defendant Donald E. Myers.

FOLLMER, District Judge.

This is an action to recover damages for personal injuries sustained by plaintiffs as the result of an automobile accident which occurred in the Province of Seine et Oise, France, on April 23, 1960. The three plaintiffs, Dobson, Carlock and Padley, and defendant, Myers, were members of the Air Force of the United States of America and were all stationed at Evreux Fauville Air Base, France, approximately sixty miles northwest of Paris.

Due to lack of service, the complaint as to the defendant, Compagnie d'Assurances "La Fortune", S.A., was dismissed June 2, 1964.

On June 2, 1964, by Order of Court counsel for defendant, Donald E. Myers, were permitted to withdraw their appearance.

Although defendant, Myers, was served with copies of all pleadings, he refused to co-operate or meet with counsel originally retained, resulting in their withdrawal as aforesaid. He never filed an answer to the complaint. The case was set down for trial and defendant was accordingly notified of the trial date. Defendant did not appear at the appointed time. Accordingly, the trial of the case proceeded before the Court and without a jury.

From the pleadings and the testimony, the Court makes the following:

FINDINGS OF FACT

1. The plaintiff, William P. Dobson, is a resident of the State of Illinois, his residence being 5724 Plymouth Court, Downers Grove, Illinois.

2. The plaintiff, Glen G. Carlock, is a resident of the State of Louisiana, his residence being 6252 Alexander Avenue, Baton Rouge, Louisiana.

3. The plaintiff, Kenneth J. Padley, is a resident of the State of Ohio, his residence being 6610 South Lear Nagle Road, North Ridgeville, Ohio.

4. The defendant, Donald E. Myers, is a resident of the Commonwealth of Pennsylvania, his residence being Hampton, Adams County, Pennsylvania.

5. On April 23, 1960, the plaintiffs, William P. Dobson, Glen G. Carlock and Kenneth J. Padley, and the defendant, Donald E. Myers, were members of the

Armed Forces of the United States of America, specifically the Air Force of the United States, and they were stationed at Evreux Fauville Air Base in the Republic of France.

6. On April 23, 1960, the defendant, Donald E. Myers, was the owner of the 1953 model Studebaker 4-door sedan automobile bearing auto registration No. 1 CF 38044.

7. On April 23, 1960, at about 6:00 o'clock A.M., the defendant, Donald E. Myers, was operating his automobile, described in the preceding paragraph, in a westerly direction from the City of Paris, France, destined for Evreux Fauville Air Base approximately 60 miles west of Paris, on the highway known as the Autoroute.

8. At the time the defendant, Donald E. Myers, was operating said vehicle, the following persons were guest passengers therein: one Bill Longo, in the front seat next to the operator, defendant Myers; plaintiff Kenneth J. Padley, in the front seat between Longo and the right front door; plaintiff William F. Dobson, in the rear seat adjacent to the right rear door, and plaintiff Glen G. Carlock, in the rear seat to the left of Dobson.

9. At the aforesaid time, the defendant, Donald E. Myers, en route to Evreux Fauville Air Base, was driving his motor vehicle at an excessive rate of speed and in a reckless and careless manner. This was so evident to his passengers, the plaintiffs in this action, that they remonstrated with him and importuned him to stop and permit the aforesaid Bill Longo to operate the vehicle, which the defendant Myers refused to do.

10. At a point about 10 miles west of Paris, France, as the vehicle, proceeding at a speed of approximately 110 miles per hour on the Autoroute, approached the juncture of another highway identified as N-13, which leads to Evreux Fauville Air Base, the defendant Myers lost control of the automobile, striking the curb of the Autoroute which caused the vehicle to cross the highway known as N-13, jump the curb on that road and to come in collision with a tree which was broken in three places by the impact.

11. As a result of the events described in the preceding paragraph, the plaintiffs Dobson and Carlock were thrown out of the vehicle, and plaintiff Padley was pinned by the wreckage in the front seat of the vehicle and had to be pried out. All three plaintiffs were rendered unconscious and were seriously and extensively injured.

12. Plaintiffs Padley and Dobson were 19 years of age at the time of the accident, and plaintiff Carlock was 22 years of age at the time.

13. As a result of the events described in Finding No. 10, plaintiff Dobson suffered fractures of the pelvis on both sides, a crushed chest, fractured ribs and a puctured lung.

14. Plaintiff Dobson was removed from the scene of the accident by ambulance to a French hospital in St. Germaine en Laye, France, and later removed to the 34th U. S. Army Hospital, La Chapelle—St. Mesnin. While a patient in the hospital, he underwent surgery to reduce the fractures of his pelvis in that a hole was drilled in the bone in his leg, a pin inserted and a weight attached to pull his leg while healing. An operation was also performed on his lung to remove the blood from his punctured lung, consisting of an incision seven and one-half inches long from the breast bone down almost to the pubic bone. He also developed an infection of the urethra in his urinary tract. Because of the dislocation of his pelvis to the left, he has a shortening of an inch, to an inch and a half, of the right leg. He was discharged from the hospital on July 26, 1960.

15. Plaintiff Dobson has the following permanent injuries as a result of the accident: his pelvis is dislocated to the left, causing his right leg to be an inch, to an inch and a half, shorter than his left leg; restriction in all directions of both hips; an injury to the right phrenic nerve on the right side of his diaphragm interfering with the exchange of oxygen and carbon dioxide; difficulty in voiding urine caused by an injury to the

urethra from the fracture. These conditions will not improve.

16. The medical prognosis of plaintiff. Dobson is as follows: he has weak spots on the scar seven and one-half inches long left of the midline below the symphysis to near the pubic bone which will develop into incisional hernias requiring surgery; his pelvis being dislocated to the left and causing a shortening of an inch, to an inch and a half, in the right leg will cause difficulty in his walking and will require a shoe uplift for compensation; both his hip joints are restricted in motion and traumatic arthritis will develop in the muscles around the joint and in the leg and thigh; he will have interference with the exchange of oxygen and carbon dioxide on the right side of the diaphragm caused by injury to the right phrenic nerve which will render him susceptible to lung infections; the injury to his urethra will render him susceptible to difficulty in voiding urine and possible stricture of the urethra. His present permanent disability is 35% which will become greater as he advances in age.

17. Plaintiff Dobson has been adversely affected as a result of the accident in respect to his ability to perform his usual occupation and earn a livelihood. Now 24 years of age, married and an auto mechanic, he was unable to resume his regular occupation on discharge from the service. For a time he worked at a sit down job in a factory at $1.50 per hour, whereas pay for an auto mechanic was approximately $3.00 per hour. At the time of this trial, he had returned to his regular employment at $3.00 per hour but is unable to work as fast, or as many hours as he could prior to injury. He works on a commission basis and his earnings are affected adversely. He can no longer lift heavy objects; he cannot jump and cannot run without pain; strain and bad weather cause excessive pain in his right leg. He also suffers some loss of memory.

18. Plaintiff Dobson's clothing was destroyed as a result of the accident, amounting to $65.00.

19. Plaintiff Dobson incurred expenses of $65.00 to Dr. W. Drury Hawkins of Harrisburg, Pennsylvania; his other medical expenses were defrayed by the United States Government by virtue of his being in the Armed Forces.

20. As a result of the events described in Finding No. 10, plaintiff Carlock suffered a fracture of the right femur bone of the thigh, fractures of the transverse processes of the lumbar vertebrae L–1 to 4, and a broken nose.

21. Plaintiff Carlock was removed from the scene of the accident by ambulance to a French hospital in St. Germaine-en-Laye, France, and from there he was removed to the U. S. Army Hospital, La Chapelle, St. Mesnin, France. He was later transferred to Weisbaden, Germany, for convalescence. He was discharged from the hospital three months following date of the accident. While a hospital patient, he underwent surgery to reduce the fracture of the right femur in that a hole was drilled in the bone of his leg, a pin inserted and traction applied. The fracture was reduced by making an incision seven and one-half inches long in the thigh and inserting an aluminum metal rod to hold the fracture together; bone was then transplanted to put around where the fracture occurred and an iron tube called a Hunchen Nail inserted in the center of the bone to hold it. Surgery was also performed closing his right nostril to the extent of 75%. Because of the fracture of the femur, his right leg is one and one-half inches shorter than the left leg.

22. Plaintiff Carlock has the following permanent injuries as a result of the accident: his right leg is one and one-half inches shorter than the left leg; his right thigh and right calf is one inch less in circumference than the left thigh and calf caused by muscle atrophy; a partial blocking of the right nostril of the nose affects his hearing. These conditions will not improve.

23. The medical prognosis of plaintiff Carlock is as follows: he has muscle atrophy in the right hip, thigh and calf which, with one and a half inches short-

ening of the leg, makes the right side weaker and this will develop traumatic arthritis in the hip joint and cause further disability. His present permanent disability is 40% which will become greater as he advances in age.

24. Plaintiff Carlock has been adversely affected as a result of the accident in respect to his ability to perform his usual occupation and earn a livelihood. Now 28 years of age, married and father of four children, he is a vending machine repairman for Dr. Pepper Bottling Company, and is required by the nature of his work to operate an automobile about 75% of the time. He cannot sit, walk or ride for prolonged periods of time because of pain in his right leg and about every 50 miles he must stop his vehicle, get out and relax his leg. His leg tires when he ascends stairs and he cannot lift heavy objects because of pain in his back. The condition of his nose recently affected his hearing and he is advised that it will ultimately have to be operated on. Within the last few weeks he had to turn down a job as a milk delivery man at $125.00 per week and retain his present employment at the lesser amount of about $85.00 per week. Because of the shortening of his leg he has been advised to wear a built up shoe which will adversely affect his employment potential.

25. Plaintiff Carlock's clothing was destroyed as a result of the accident, amounting to $35.00.

26. Plaintiff Carlock incurred expenses of $128.00 to Dr. W. Drury Hawkins of Harrisburg, Pennsylvania, and other physicians; his other medical expenses were defrayed by the United States Government by virtue of his being in the Armed Forces.

27. As a result of the events described in Finding No. 10, plaintiff Padley suffered fractures of the right ileum and the right pubis which has resulted in his pelvis tilting to the right and the right ileac superior spine being one inch further from the umbilicus than the left.

28. Plaintiff Padley was removed from the scene of the accident by ambulance and admitted to a French hospital in St. Germaine-en-Laye, France, and from there he was removed to the United States Military Hospital La Chapelle, St. Mesnin, France, where he was a bed patient for three months and three days until July 26, 1960, after which he was treated medically as an outpatient.

29. Plaintiff Padley has the following permanent injuries as a result of the accident: a pelvis tilted to the right on which the right ileac superior spine is one inch further from the umbilicus than the left, and the right ramus of the pubic bone is depressed; the movement of his right hip joint is generally constricted. These conditions will not improve.

30. The medical prognosis of plaintiff Padley is as follows: his hip injury will deteriorate because the muscles around the site of the facture will tighten and movement will be restricted. He will likely develop traumatic arthritis in this joint which will affect his ability to walk. His permanent disability is now about 25% and this will increase and could become as high as 100% within the next 25 years.

31. Plaintiff Padley has been adversely affected as a result of the accident in respect to his ability to perform his usual occupation and earn a livelihood. Now 24 years of age, married, and a refueling expert for the American Air Lines in Cleveland, Ohio, he cannot jump off his truck because of the pain in his right side. He cannot move as fast as the other men in his crew and he becomes overtired. Five years having elapsed since the accident, all the improvement he will have has occurred and the condition will become worse, affecting his ability to walk.

32. Plaintiff Padley's clothing, shoes, shirt and coat, were destroyed as a result of the accident, amounting to $40.00.

33. Plaintiff Padley has incurred expenses to Dr. W. Drury Hawkins of Harrisburg, Pennsylvania, in the amount of $68.00; all other medical, hospital and surgical expenses were defrayed by the United States Government by virtue of his being in the Armed Forces.

34. Each of the plaintiffs has undergone great pain and suffering as a result of the accident and each will continue to undergo pain and suffering as long as each lives.

■ 35. All of the injuries suffered, and damages incurred, by plaintiffs Dobson, Carlock and Padley, were the direct, proximate and immediate result of the negligent acts of the defendant, Donald E. Myers, in the operation of his automobile on April 23, 1960, in the Township of Orgeval (Department of State of Seine-et Oise) in the Republic of France.

36. None of the plaintiffs were contributorily negligent.

37. The defendant, Donald E. Myers, although properly served with process and aware of the trial of this matter at Harrisburg, Pennsylvania, United States District Court for the Middle District of Pennsylvania, on May 4, 1965, did not appear in person or by counsel.

38. Credible testimony showed that under the applicable law of France where the accident occurred:

A. A gratuitous passenger in a motor vehicle is entitled to receive full compensation for injuries or damage suffered or sustained as a result of the fault or negligence of the operator or driver of the vehicle (French Civil Code, Article 1382);

B. On the basis of the facts set forth in the complaint, there clearly appears a violation of Article 10 of the French Traffic Code, Second Part, codified by the Decree of December 16, 1958.

■ 39. The damages William P. Dobson is entitled to recover for his personal injuries and the pain and suffering which he has endured and will continue to endure for the balance of his life, are $40,000.00.

■ 40. The damages Glen G. Carlock is entitled to recover for his personal injuries and the pain and suffering which he has endured and will continue to endure for the balance of his life, are $40,000.00.

■ 41. The damages Kenneth J. Padley is entitled to recover for his personal injuries and the pain and suffering which he has endured and will continue to endure for the balance of his life, are $35,000.00.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the subject matter and the parties to this action.

2. The driver of the car in which the plaintiffs were passengers, namely, Donald E. Myers, was grossly negligent in the operation of the said car.

3. The negligence of the operator of the said car, to wit, Donald E. Myers, was the proximate cause of the accident and the consequent damages sustained by plaintiffs.

4. The plaintiffs were not guilty of contributory negligence.

5. The total damage which William P. Dobson is entitled to recover against defendant, Donald E. Myers, is $40,130.00.

6. The total damage which Glen G. Carlock is entitled to recover against defendant, Donald E. Myers, is $40,163.00.

7. The total damage which Kenneth J. Padley is entitled to recover against defendant, Donald E. Myers, is $35,108.00.

## ORDER

Now, November 24, 1965, in accordance with the foregoing Findings of Fact and Conclusions of Law, judgment is entered against Donald E. Myers and in favor of William P. Dobson for the sum of $40,130.00, against Donald E. Myers and in favor of Glen G. Carlock for the sum of $40,163.00, and against Donald E. Myers and in favor of Kenneth J. Padley for the sum of $35,108.00.